**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ARROW BOLT & ELECTRIC, INC.** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 3:17-CV-01894-M** |
| **LANDMARK AMERICAN INSURANCE COMPANY, and JASON KEEN** | § | |
| | § | |
| | § | |

**DEFENDANTS' ORIGINAL ANSWER**

COMES NOW, Defendants, Landmark American Insurance Company and Jason Keen ("Defendants") and files this Original Answer to Plaintiff's Original Petition filed in state court from which this case matter was removed. Defendants will refer to Plaintiff's Original Petition as a "Complaint" since this case is now in federal court.

**INITIAL DEFENSES**

1. Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Subject to and without waiving the foregoing, Defendants answer the allegations contained within the numbered paragraphs of Plaintiff's Complaint as follows:

2. Paragraph 1 of Plaintiff's Complaint does not require an admission or denial from these Defendants.

3. Defendants have insufficient information to admit or deny the statements in paragraph 2 of Plaintiff's Complaint. To the extent an answer is necessary, admitted.

4. Defendants admit the statements in paragraph 3 of Plaintiff's Complaint.

5. Defendants deny the implication in paragraph 4, that Defendant Keen is a property adjuster working solely on behalf of Defendant Landmark. Defendants deny the allegations in paragraph 4 that the causes of action arise out of Jason Keen's decision to "ignore obvious damage to the roof resident." Defendants admit that Keen was served with process in this lawsuit.

6. Defendants deny the allegations regarding statutory authority in Plaintiff's Complaint, paragraph 5.

7. Defendants deny that Plaintiff is entitled to the relief sought in paragraph 6 of Plaintiff's Complaint.

8. Defendants deny all allegations in paragraph 7 of Plaintiff's Complaint to the extent "Defendant A" is an unknown entity and Defendants do not have enough information to either admit or deny the statement in paragraph 7.

9. Defendants deny all allegations in paragraph 8 of Plaintiff's Complaint.

10. Paragraph 9 of Plaintiff's Complaint contains allegations of venue. Defendants deny the allegation in paragraph 9 that Defendants' principal place of business is in Dallas County, Texas, and Defendants deny that substantial parts of the events occurred in Dallas County as the property at issue is located in Fort Worth, Texas, and the Plaintiff's domicile is in Euless, Texas according to paragraph 2 of Plaintiff's Complaint.

11. Defendants deny all allegations contained in paragraphs 10 and 11 of Plaintiff's Complaint.

12. Defendants deny all allegations contained in paragraphs 12-15.

13. With respect to paragraphs 16-18, Defendants admit that Defendant Landmark assigned

Keen as the independent claims adjuster to assess the claim made by Plaintiff regarding the property at issue. Defendants deny all other allegations contained in paragraphs 16-18.

14. With respect to paragraph 19, Defendants admit that Plaintiff's payments were current, and Defendant Landmark issued a policy covering real and personal property located at the subject property, subject to the terms, limitations, and conditions of the subject policy. Defendants deny all other allegations contained in paragraph 19 of Plaintiff's Complaint.

15. Defendants deny all allegations contained in paragraphs 20-25 of Plaintiff's Complaint.

16. Defendants deny all allegations contained in paragraphs 26-33 of Plaintiff's Complaint.

17. Defendants deny all allegations contained in paragraphs 34-40 of Plaintiff's Complaint.

18. Defendants deny all allegations contained in paragraphs 41-49 of Plaintiff's Complaint.

19. With respect to paragraph 50 in Plaintiff's Complaint, Defendants admit they are required to comply with the Texas Insurance Code to the extent the Code is applicable to each Defendant.

20. Defendants deny all allegations contained in paragraphs 51-56 of Plaintiff's Complaint.

21. Defendants deny all allegations contained in paragraphs 57-61 of Plaintiff's Complaint.

22. With respect to paragraph 62 in Plaintiff's Complaint, Defendant Landmark admits it is required to comply with the Texas Insurance Code Sections 541.051; 541.060; 541.061; and 541.151.

23. Defendants deny all allegations contained in paragraphs 63-67 of Plaintiff's Complaint.

24. Defendants deny all allegations contained in paragraphs 68-72 of Plaintiff's Complaint.

25. Defendants deny all allegations contained in paragraphs 73-78 of Plaintiff's Complaint.

26. Defendants deny all allegations contained in paragraphs 79-82 of Plaintiff's Complaint.

27. Defendants deny all allegations contained in paragraphs 83-84 of Plaintiff's Complaint.

28. Defendants deny that Plaintiff is entitled to the relief alleged in paragraphs 85-92.

## ADDITIONAL DEFENSES

29. Defendants alternatively avers that Plaintiff's damages, if any, were caused by the fault, neglect, and want of due care of Plaintiff and/or third parties for whom these Defendants are not legally responsible.

30. Defendant Landmark would further show that, to the extent applicable, it has fully complied with all provisions, terms, and conditions set forth in the policy of insurance made the basis of this action.

31. Defendant Landmark would further show that the policy made the basis of this action contains terms and conditions expressly excluding the coverage sought by Plaintiff.

32. Pleading further and in the alternative, these Defendants would show that Plaintiff has failed to mitigate its damages. Further, Defendant Landmark would assert the affirmative defenses of accord and satisfaction, release, payment, credit, offset, breach of contract, res judicata, collateral estoppel, statute of limitations, waiver, and laches.

33. Further answering and without waiving the foregoing, Defendant Landmark would show that certain acts or omissions of Plaintiff were relied upon by Landmark. Therefore, Landmark asserts the affirmative defense of estoppel.

34. Further answering and without waiving the foregoing, these Defendants would show that the imposition of punitive, treble, or exemplary damages upon Defendant for the allegations made by Plaintiff violates the contract cause of Article I, Section 20, Clause I of the Constitution of the United States of America, the equal protection clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the due process clause contained in the Fourteenth Amendment of the Constitution of the United States of America, the excessive fines clause contained in the Eighth Amendment of the Constitution of the United

States of America, the illegal seizures clause contained in the Fourth Amendment of the Constitution of the United States of America, the deprivation of property without due process clause contained in the Fifth Amendment of the Constitution of the United States of America, the excessive fines clause contained in Article I, Section 13 of the Constitution of the State of Texas, and the contract clause contained in Article I, Section 16 of the Constitution of the State of Texas.

35. For any claims for punitive damages and/or pre-judgment interest, these Defendants invoke the limitations on punitive damages and prejudgment interest contained in Chapter 41 of the Texas Civil Practice and Remedies Code. Pursuant to Section 41.008 of the Texas Civil Practice and Remedies Code, such limitations may not be made known to the jury.

36. Further answering and without waiving the foregoing, Defendant Landmark would show that the insurance policy made the basis of this lawsuit was negotiated between parties of equal bargaining power and that no "special relationship" existed such that no duty of good faith and fair dealing could arise from the contract made the basis of this lawsuit.

37. Pleading further and in the alternative, and with respect to Plaintiff's DTPA claims, these Defendants assert that any claims for personal injury or mental anguish are not recoverable under the DTPA, except only as provided by Tex. Bus. & Com. Code § 17.505(b). To the extent applicable, Defendants would also show that Plaintiff failed to give written notice of the DTPA claim at least 60 days before filing suit as required under Tex. Bus. & Com. Code § 17.505(a), that Defendants were never given the reasonable opportunity to cure, that any alleged representations these Defendants made amounted to mere puffing or opinion and are thus not actionable under the DTPA, and/or that Plaintiff's suit is merely a breach-of-contract suit and thus not actionable under the DTPA. To the further extent applicable, these Defendants also

invokes the offer-of-settlement limitation under Tex. Bus. & Com. Code § 17.505(g) to cap liability for both damages and attorneys' fees.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/ s / Joelle G. Nelson*

JOELLE G. NELSON
Texas Bar No. 24032501
JANE HAAS
Texas State Bar. No. 24032655
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax: (713) 759-6830
joelle.nelson@lewisbrisbois.com
jane.haas@lewisbrisbois.com
Local Counsel: AMBER R. PICKETT
Texas Bar No.: 24058046
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Phone: (214) 722-7100
Fax: (214) 722-7111
amber.pickett@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANTS, LANDMARK AMERICAN INSURANCE COMPANY, AND JASON KEEN**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Answer was served in accordance with the Texas Rules of Civil Procedure on this 17th day of July, 2017, on the following counsel of record:

Robert D. Green
Hunter M. Klein
Robert D. Green & Associates, P.C.
440 Louisiana St, Ste. 1930
Houston, Texas 77002
(713) 654-9222
green@greentriallaw.com
klein@greentriallaw.com
*Counsel for Plaintiff*

Daniel Barton
Wayne D. Collins
Barton Law Firm
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747
dbarton@bartonlawgroup.com
wcollins@bartonlawgroup.com
*Co-Counsel for Plaintiff*

*/s/ Joelle G. Nelson*
Joelle G. Nelson