IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARROW BOLT & ELECTRIC, INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-1894-M |
| | § | |
| LANDMARK AMERICAN INSURANCE | § | |
| COMPANY and JASON KEEN, | § | |
| | § | |
| **Defendant.** | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Remand [ECF #9], filed by Plaintiff Arrow Bolt & Electric, Inc. For the following reasons, the Court GRANTS the Motion and REMANDS this civil action to the state court from which it was removed.

### **Background**

Plaintiff filed this lawsuit in Texas state court against Defendants Landmark American Insurance Company ("Landmark") and Jason Keen ("Keen"), to recover for damage to Plaintiff's commercial property (the "Property") in Fort Worth, Texas, allegedly caused by a storm that occurred on May 10, 2016. Landmark insured the Property pursuant to a policy issued to Plaintiff; Keen, an independent claims adjuster, inspected the Property and adjusted Plaintiff's claim on Landmark's behalf. By this lawsuit, Plaintiff alleges that Landmark and/or Keen wrongfully denied its claim, breached the insurance policy, and violated various statutory and common law duties in connection with handling the claim, including Sections 541.051, 541.060, 541.061, and 541.151 of the Texas Insurance Code.

Landmark removed Plaintiff's case to federal court pursuant to 28 U.S.C. §§1332 and 1441 on the ground that there is complete diversity of citizenship between Plaintiff, a Texas

1

citizen, and Landmark, a citizen of New Hampshire and Georgia, and an amount in controversy that exceeds $75,000, exclusive of interest and costs. Recognizing that his presence in the case would defeat jurisdiction, Landmark contends that Plaintiff improperly joined Keen, a Texas citizen, because there is no reasonable basis to predict that Plaintiff might be able to recover on any of its claims against Keen, and that his citizenship therefore must be disregarded. Plaintiff filed a Motion to Remand, on the ground that Keen was properly joined and that the parties are not completely diverse. Neither Defendant timely filed a response. The Court therefore considers the Motion without the benefit of a response.[1]

**Legal Standards and Analysis**

Title 28 U.S.C. § 1441(a) permits the removal of any civil action brought in a state court of which the district courts of the United States would have original jurisdiction. This case was removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Rem. Not. [ECF #1] at 1, ¶ 3. For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Moreover, under 28 U.S.C. §1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought.

The improper joinder doctrine is a narrow exception to the rule of complete diversity that may provide a basis for disregarding a defendant's citizenship. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004). There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d

---

[1] The Court has reviewed Landmark's Notice of Removal and has considered the arguments and authorities set forth in that pleading in support of Landmark's position that Keen was improperly joined and removal was appropriate.

644, 646-47 (5th Cir. 2003)). If a nondiverse defendant has been properly joined, then the federal court has no jurisdiction and must remand the removed case. *Martinez v. State Farm Lloyds*, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016) (Lynn, C. J.) (citing 28 U.S.C. § 1447). If, however, it is found that the nondiverse defendant has been improperly joined, then the remand must be denied and the claims against the nondiverse defendant dismissed without prejudice. *Id*. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Under the second alternative for establishing improper joinder – which is the alternative relied on by Landmark in this case – the test is whether the removing defendant has demonstrated there is no possibility of recovery by the plaintiff against the in-state defendant. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Stated differently, Landmark must demonstrate that there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Keen. *Smallwood*, 385 F.3d at 573. Using the federal pleading standard, the Court conducts a Fed. R. Civ. P. 12(b)(6)-type analysis, looking first at the allegations of the plaintiff's state court petition to determine whether the pleading states a claim under state law against the in-state defendant. *Id.* This requires the plaintiff's pleading to contain sufficient facts to state a claim to relief that is plausible on its face, providing more than a mere possibility of recovery. *Martinez*, 2016 WL 4427489, at *2 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). Moreover, the pleading must provide more than "labels and conclusions" and do more than merely restate the elements of a cause of action. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Generally, if the plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *See Smallwood*, 385 F.3d at 573.

Here, Plaintiff's Original Petition alleges various causes of action against Keen, a Texas citizen, including claims under Section 541 of the Texas Insurance Code. Rem. Not., Ex. C-1 at 13-15 ¶¶ 76-83. To be liable under the Texas Insurance Code, one must be "in the business of insurance." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 488 (Tex. 1998); Tex. Ins. Code Ann. § 541.002 (West 2015). The Texas Supreme Court has held that the business of insurance "includes the investigation and adjustment of claims and losses." *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998). Because Texas law recognizes that an adjuster can potentially be liable for Texas Insurance Code violations, the sole issue before this Court is whether or not Plaintiff has stated a viable claim against Keen. *See Martinez*, 2016 WL 4427489, at *2. If so, then Keen was properly joined, and this Court must grant Plaintiff's Motion to Remand for lack of diversity jurisdiction. *Id*. If the Court finds a reasonable basis to predict that Plaintiff can potentially recover on one of the causes of action asserted against Keen, then the Court must remand the entire case. *Smith-Manning v. State Farm Lloyds*, 2013 WL 5637539, at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)).

Having reviewed Plaintiff's Original Petition, the Court determines that Plaintiff has sufficiently pled that Keen violated Tex. Ins. Code §541.060(a). Plaintiff alleges that Keen (1) misrepresented material facts relating to the insurance coverage at issue; (2) failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though liability under the policy is clear; (3) failed to promptly provide a reasonable explanation of the basis in the policy for the offer of settlement of Plaintiff's claim; (4) failed to affirm or deny coverage or submit a reservation of rights within a reasonable time; and (5) refused to pay

Plaintiff's claim without conducting a reasonable investigation. Rem. Not., Ex. C-1 at 13-14 ¶¶78-82. With respect to its allegations that Keen engaged in unfair settlement practices by conducting an inadequate inspection and unfair adjustment, Plaintiff specifically alleges:

> Defendant Landmark assigned Keen as the independent claim adjuster and estimator to determine the extent of the damages suffered by Plaintiff. Defendant Keen, who inspected The Property, made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant Keen failed to fully quantify Plaintiff's damages, and instead, grossly undervalued the loss, demonstrating that he did not conduct a thorough investigation of Plaintiff's claim. Defendant Keen conducted a substandard inspection of The Property evidenced by his report which failed to include all of Plaintiff's storm damages noted upon inspection. The damages included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendant Keen failed to thoroughly review and properly supervise the inspection of The Property which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant Keen knowingly and intentionally overlooked damages at The Property and used their [sic] own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. As a result of Defendant Keen's conduct, Plaintiff's claim was underpaid and partially-denied. Without basis and with intent to damage the Plaintiff, Defendant Keen concluded that the admitted water intrusion throughout the sub surface of the roof was not the result of the admitted damage to roof caused by the windstorm. This wrong determination was intentionally made to undervalue the claim.

*Id.* at 4, ¶16. Contrary to Landmark's assertions in the Notice of Removal, these allegations are not so conclusory and vague as to be fatal to Plaintiff's ability to state a claim for relief.

Several courts, including this one, have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under Tex. Ins. Code §541.060(a)(2), because the adjuster has the ability to effect or bring about the settlement of a claim. *See Manziel v. Seneca Ins. Co., Inc.*, 2016 WL 3745686, at *3 (N.D. Tex. July 13, 2016) (Lynn, J.); *Shade*

5

*Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015); *Denley Group, LLC v. Safeco Ins. Co. of Ind.*, 2015 WL 5836226, at *3-4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Lopez-Welch v. State Farm Lloyds*, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.).[2] In ruling on Plaintiff's Motion to Remand, this Court only asks whether there is a reasonable basis to predict that Plaintiff might be able to recover against Keen. *Smallwood*, 385 F.3d at 573. Since there is a reasonable basis to predict that Plaintiff might be able to recover against Keen, and because Plaintiff's Original Petition sets forth sufficient facts under the federal pleading standard to state a claim against Keen under Tex. Ins. Code § 541.060(a)(2), the Court determines that Keen was not improperly joined. Because Keen is a citizen of Texas, diversity jurisdiction is lacking, and the Court must remand this case to state court. 28 U.S.C. §1447(c).

**Conclusion**

The Court determines that the allegations in Plaintiff's Original Petition are sufficient to provide a reasonable basis to conclude that Plaintiff might recover against Defendant Keen, a Texas citizen. Because Plaintiff also is a Texas citizen, diversity jurisdiction is lacking. The Court therefore GRANTS Plaintiff's Motion to Remand [ECF #9] and REMANDS this civil action to the 116th Judicial District Court of Dallas County, Texas.

SO ORDERED.

---

[2] The Court is aware of a split in authority among federal district courts in Texas on the question of whether an adjuster may be held liable under Section 541.060(a)(2). *Compare, e.g., Lopez v. United Prop. & Cas. Ins. Co.*, 2016 WL 3671115, at *3 (S.D. Tex. 2016) *with Martinez*, 2016 WL 3745686, at *3. *See also Linron Prop., Ltd. v. Wausau Underwriters Ins. Co.*, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015) (surveying conflict among district courts). In the context of Plaintiff's Motion to Remand, such a split in authority weighs in favor of remand because "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Winterrowd v. Allstate Vehicle and Property Ins. Co.,* 2017 WL 1370768, at *4 (E.D. Tex. Mar. 27, 2017) (quoting *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013)); *see also Roach v. Vehicle*, 2016 WL 795967, at *6 (N.D. Tex. Feb. 29, 2016) ("[I]n the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand.").

October 12, 2017.

                                                     BARBARA M.G. LYNN
                                                   CHIEF JUDGE